## SUPREME COURT.

### BRIDGET WELCH agt. HARLAN D. PRESTON *et al.*

*Complaint — Amendment once, of course, without costs — and this after notice of motion by defendant to compel amendment— Code of Civil Procedure, section 542.*

Plaintiff served her complaint, and just before time for answering expired the defendant served a notice of motion to strike out certain irrelevant allegations of the complaint and to compel plaintiff to separately state and number the counts of the complaint. Before time to answer had expired, plaintiff served an amended complaint, complying with the requirements of defendant's motion, which defendant refused to receive unless costs of motion were paid, which plaintiff declined to pay:

*Held*, that, under section 542 of the Code of Procedure, plaintiff should not be required to pay costs of motion.

The words "without prejudice to the proceedings already had" were not designed to compel a party who had committed an error in his pleadings to pay costs of one amendment, and thereby nullify the right which had been secured to him by the s⁺atute, of "once amending his pleading, of course, without costs."

*Onondaga Special Term, June,* 1879.

Plaintiff served her complaint in May, 1879. Just before the time for answering expired, the defendant served a notice of motion to strike out certain irrelevant allegations of the complaint, and to compel plaintiff to separately state and number the counts of the complaint, and on same day obtained an order extending the time to answer, without prejudice, however, to the said motion. Before said extended time expired, plaintiff served an amended complaint, complying with the requirements of defendant's motion.

Defendant declined to receive said amended complaint unless plaintiff paid ten dollars costs of motion, and thereupon proceeded with the motion.

Welch agt. Preston *et al.*

*H. D. Preston* cited, for motion, 40 *Howard*, 46; 5 *Howard*, 357; 1 *Code Reports (N. S.)*, 141; 1 *Code Reports (N. S.)*, 21.

*E. C. Wright,* opposed, cited 13 *Abbott's Practice,* 271; 49 *New York,* 78; 5 *Duer,* 655; 4 *Sandford,* 690; 4 *Sandford,* 699; 21 *Howard,* 333; 12 *Howard,* 80, 81; 9 *Abbott, (N. S.),* 141 *; Tillinghast and Shearman's Practice, volume* 2, *page* 200 ; 5 *New York Weekly Digest,* 521.

Noxon, *J.* — The action in this case was brought in the month of May, 1879, by service of summons and complaint. On the 31st day of May, 1879, the defendants, by H. D. Preston, their attorney, served notice of motion upon plaintiff's attorney to strike out as irrelevant certain portions of the complaint, and also that the several causes of action contained in one count be separately stated and numbered, or that all the allegations in plaintiff's complaint, not essential to one cause of action, be stricken out as redundant. That on the 14th June, 1879, the plaintiff amended her complaint and served a copy thereof upon the defendants' attorney. Such service was made in pursuance of the provisions of section 542 of the new Code, allowing the pleading to be once amended, of course, without costs and without prejudice to the proceedings already had. In this case, upon service by plaintiff of the amended complaint, it took the place of the original complaint. This rule is well settled by authority. The language of the statute that "the pleading may be once amended by the party without costs," is plain and explicit. These words are followed by the words "and without prejudice to the proceedings already had." If it be held that the proceedings already had refer to a motion pending at the time of the amendment of the complaint, in which costs are demanded, then the words "without costs" are of no meaning and of no effect when costs of motion are imposed.

Construction has been given in some cases reported, to the

effect that the words "without prejudice to the proceedings already had" means that the costs of a pending motion to strike out must be paid.   But this is not the correct construction of the statute.

It has been held that a motion for judgment on a frivolous answer is remedied by amending the answer to cure the defect, and the motion is no longer pending, it is at an end.   So in case of demurrer, an amendment of the pleading has the effect to end all proceedings had on the demurrer without costs.

The words " without prejudice to the proceedings already had," were not designed to compel a party, who had committed an error in his pleadings, to pay costs of one amendment, and thereby nullify the right which had been secured to him by the statute.

The design of the statute was to allow the party to amend his pleading in any case once, without costs, and, at the same time, if any proceedings had already been had by the other party, such proceeding was to be upheld so far only that no prejudice to him should arise.   If the amendment was for delay, or the party was to lose the benefit of a term for which the cause had been noticed, the party was not to be prejudiced.

The question of costs of demurrer, or of motion to strike out frivolous pleadings, or of motion to strike out irrelevant or redundant matter, is not alluded to in the proceedings had as being a proceeding in which costs are allowed.   And when the amendments are allowed and taken, they are taken, as of course, without costs, and the words " without prejudice " have no reference to costs ; these words are to secure to the party such benefit from proceedings in the action he may have taken before the amendment as he was fairly entitled to, and which proceedings, if not allowed the party, might operate to his prejudice, if the words " without prejudice to the proceedings already had," had not been inserted in the section.

The motion here is not to strike out for irregularity. In some of the cases it is held that the rule sought by the moving party is confined to cases of irregularity, and that costs are only allowed in that class of cases. I do not feel inclined to follow any of the cases that hold that the party amending is, or may be, subject to payment of costs in any form under the statute. His right is secured to him by law to amend once, of course, without costs.

The motion in this case should be denied, and the defendant allowed twenty days, after service of a copy of the order herein, to answer or demur, without costs of motion.